### EDWARD CLAPHAM V. S. W. STORM.

FILED MARCH 29, 1893.    No. 4625.

**Review.**    Where the principal error relied upon is that the verdict is against the weight of evidence the verdict will not be set aside, unless it is clearly wrong.

ERROR from the district court of Madison county. Tried below before POWERS, J.

*J. R. Gilkeson* and *Wigton & Whitham*, for plaintiff in error.

*Holmes & Hays, contra.*

MAXWELL, CH. J.

This is an action upon three promissory notes given by the defendant upon which there is claimed to be due to the plaintiff the sum of $600.    The defendant filed an answer to the petition as follows:

" 1. The defendant, for answer to plaintiff's petition herein filed, admits the making and delivering to the payee therein named of the notes set out in said petition.

" 2. The defendant denies each and every other allegation in said petition contained.

"3. The defendant avers the facts to be that shortly prior to the 6th day of September, 1887, the defendant sold and conveyed by deed of general warranty to the plaintiff his farm, comprising 160 acres of land in Pierce county, Nebraska, at the agreed price as expressed in said deed of $3,600; that as part consideration of the purchase of said premises the plaintiff assumed and agreed to pay certain incumbrances then existing against said premises, and for the balance of consideration of said purchase plaintiff sold to this defendant a large amount of stock, consisting of horses and cattle then on the plaintiff's farm in Saunders county, Nebraska, and then and there agreed that said stock should remain on said farm until the defendant could give sufficient notice of the public sale of said property at the plaintiff's farm aforesaid, and the plaintiff then and there agreed that he would purchase all notes at such sale at a certain agreed discount, to-wit, eight per cent, and at the same time the defendant further agreed to advance to the defendant on such sale notes the sum of $600, to be used in paying the notes set out in plaintiff's petition, with the understanding that the said plaintiff should retain the said notes as security to him for the faithful performance of the defendant of his agreement to sell said property and turn over to the plaintiff the sale notes received at such sale to the amount of $600 thus advanced by the plaintiff; that the plaintiff immediately filed his deed to the said property in Pierce county for record in the office of the clerk of said county and entered into possession of said premises; that he caused public notice to be given of the sale of the stock so as aforesaid purchased from the plaintiff, said sale to be had on the — day of October, 1887, at the premises of the plaintiff in Saunders county, Nebraska, and that he went to the premises of the plaintiff aforesaid at said time for the purpose of selling said property and carrying out and performing all the conditions of the agreement aforesaid on his part to be performed, but the plaintiff refused to deliver the said

property, and has ever since refused to deliver the said property to this defendant, whereby the defendant was prevented from selling the said property and from the proceeds of the sale thereof returning to the plaintiff the money so advanced by him, and the residue of the property of the value of $475 was wholly lost to this defendant, whereby this defendant has suffered damages in the sum of $475. The defendant therefore prays that said note be declared canceled and he have judgment against the plaintiff for the said sum of $475 and costs herein expended."

To this answer the plaintiff's amended reply is as follows:

"The plaintiff, for reply to defendant's answer, denies each and every allegation therein contained. Plaintiff alleges the fact to be that on or about the 6th day of September, 1887, the defendant sold and conveyed to plaintiff his farm of 240 acres of land in Pierce county, Nebraska. In consideration of said conveyance plaintiff assumed and agreed to pay all liens and incumbrances then existing against said land, and as a further consideration plaintiff sold and delivered to defendant certain stock and property, consisting of a wagon and a set of harness; that on or about the 24th day of September, 1887, plaintiff and defendant had a full settlement and stated an account of all matters in difference between them as to the sale and conveyance of said land, and the payment of the consideration therefor, and said account stated was that plaintiff was indebted to defendant in the sum of $600, which plaintiff admits is still due defendant on said account stated. Plaintiff further alleges that in making said account stated the $600 loaned by plaintiff to defendant as alleged in his petition was not included or considered."

On the trial the jury returned a verdict in favor of the defendant for the sum of $375 at seven per cent. The court properly overruled the seven per cent, as the jury should have found the entire amount, and rendered judgment for

$375. The principal ground for a reversal relied upon is that the verdict is against the weight of evidence.

The testimony tends to show that the defendant sold a farm of 240 acres in Pierce county to the plaintiff for the sum of $3,600; that the plaintiff assumed an incumbrance on the land for $2,000 and was to pay the remaining consideration in stock on the plaintiff's farm in Saunders county. The defendant contends that the plaintiff guaranteed this stock to bring at public sale the sum of $1,600; that the defendant in pursuance of the contract offered a part of the stock for sale and sold sufficient to amount to $775.25, and the remainder of the stock is retained by the plaintiff. The plaintiff does not deny that a portion of the stock is unsold in his hands, but claims that the defendant agreed to take the stock at a price agreed upon, and that if he sold the same for less the loss must fall upon him, and this is the principal contention in the case. The defendant, it appears, was in embarrassed circumstances, and the plaintiff, after he received a deed for the land and had assumed the mortgage, etc., complained that he had paid too much for the land, whereupon the defendant admits that he said to him, in effect, that if he would guarantee the stock to bring $1,600 that he would throw off $600, the defendant also to have the right to redeem the property within a certain time. The testimony before the jury on this point would warrant them in finding that the plaintiff had not complied with the terms of the alleged agreement —if it had any validity, which we doubt. There is also proof that after the sale of the cattle the parties spent a day in attempting to settle the controversy, but being unable to do so it was submitted to the wife of one of the parties, who computed that there was due the defendant the sum of $26, but that the plaintiff would only pay thereon the sum of $16. It also appears that the plaintiff sold the farm in question for the sum of $3,600. This, perhaps, is not material. The mortgage and judgment liens on the

farm exceeded $2,400. These the jury deducted from the purchase price of the farm. They also evidently deducted $600 advanced by the plaintiff to the defendant, and $175.25 paid to Mr. Hicks. These several sums deducted from the purchase price of the farm, viz., $3,600, leave a sum in excess of the verdict. This question is one proper to submit to a jury and in our view the verdict is right and should not be disturbed. It is unnecessary to review the instructions as they seem to conform to the proof. The judgment is

AFFIRMED.

THE other judges concur.